UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

EUGENE HENRY MOORE            :            CIVIL ACTION NO. 2:12-cv-1526
    BOP # 310434                                     SECTION P

VERSUS                                   :            JUDGE MINALDI


ALLEMOND ET AL.                    :            MAGISTRATE JUDGE KAY

<u>REPORT AND RECOMMENDATION</u>

*Pro se* petitioner Eugene Henry Moore ("Moore"), proceeding *in forma pauperis*, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on May 31, 2012. Doc. 1. At the time of filing, Miller was an inmate in the custody of the Louisiana Department of Public Safety and Corrections. *Id.* He complains of events that happened while he was incarcerated at the Allen Correctional Center in Kinder, Louisiana. Doc. 1, att. 2, p. 2. He was released from custody in December 2012. Doc. 9.

On December 8, 2015, this court issued a Notice of Intent to Dismiss relating to the unserved defendants.[1] Doc. 26. Moore applied for and received an extension of time to effect service. Docs. 27, 28. The compliance deadline was set for February 29, 2016. Doc. 28. However, these defendants have still not been served.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*,

---

[1] These defendants are Jennifer Allemand, Marie Campbell, Robert Y. Henderson, the Louisiana Department of Public Safety and Corrections, and Linda Ramsey. Doc. 26. Defendants Angie Pearce, Jonathan Vining, James M. LeBlanc, and Tracy Dibenedetto were all served. Docs. 15, 21–23. They requested and received an extension of time for filing their answer. Docs. 24, 25. The compliance deadline was November 9, 2013. Doc. 25. However, no answer has been received and this failure is being handled separately.

82 S.Ct. 1386, 1388–90. (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 1388.

Therefore,

**IT IS RECOMMENDED** that Moore's complaint be **DISMISSED** as to Jennifer Allemand, Marie Campbell, Robert Y. Henderson, the Louisiana Department of Public Safety and Corrections, and Linda Ramsey, in accordance with the provisions of FED. R. CIV. P. Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 24th day of March, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE